# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL JASON MILLER, | ) |
|                Plaintiff, | ) |
| v. | ) Case No. 14-CV-103-JED-PJC |
| PAVITAR SINGH, ROCKING JATT TRUCKLINE, INC., and GREAT WEST CASUALTY COMPANY, | ) |
|                Defendants. | ) |

## **OPINION AND ORDER**

Plaintiff, Michael Jason Miller, acting *pro se*, initiated this removed negligence action by filing a Petition in Ottawa County District Court. He asserts that he sustained personal injuries as a result of a vehicle collision proximately caused by the negligence of defendants Pavitar Singh and Rocking Jatt Truckline, Inc. (Rocking Jatt). For his claims against defendant Great West Casualty Company (Great West), plaintiff alleges that Great West was the liability insurance carrier for Rocking Jatt and is jointly and severally liable under *Okla. Stat.* tit. 47, § 169. Great West seeks summary judgment on the ground that, as an *interstate* motor carrier operating under the authority of an interstate license under federal law, Great West is not subject to the provisions of Oklahoma statutes that apply to *intrastate* motor carriers.

Great West's motion was filed on October 23, 2014, and the plaintiff's response to the motion was initially due to be filed by November 13, 2014. Plaintiff did not file any response. On December 8, 2014, the Court entered an Order pursuant to N.D. Okla. LCvR 7.2(f) granting plaintiff another 14 days, until December 22, 2014, to file a response to Great West's summary judgment motion. Plaintiff has still filed no response.

Local Rule 7.2(f) provides that, where a party fails to respond to a dispositive motion, the Court may deem the motion confessed. However, that does not end the Court's inquiry, as it is well-settled in this Circuit that, notwithstanding a district court's local rule, a non-movant's failure to respond to a summary judgment motion does "not relieve the court of its duty to make the specific determinations required by Fed. R. Civ. P. 56(c)." *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1200 (10th Cir. 2002).[1] Thus, the Court must examine the motion to determine whether Great West, the movant, "has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law," as is normally required under Rule 56. *Murray*, 312 F.3d at 1200. Rule 56 provides that where, as here, a party has failed to properly address the moving party's assertion of fact, the Court may "consider the fact undisputed for purposes of the motion" and may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

In its motion, Great West has submitted proof of the following facts, which are undisputed: (1) At the time of the accident, Great West was Rocking Jatt's liability insurer; (2) Rocking Jatt is an out-of-state corporation with its principal place of business in California; (3) Rocking Jatt is an interstate motor carrier operating under U.S. DOT No. 1881859; and (4) Rocking Jatt is not registered or licensed in the State of Oklahoma and does not operate under the authority of an Oklahoma Motor Carrier License. (Doc. 38 at 1-2). As a result, Great West argues that plaintiff may not maintain a direct action against Great West as a liability insurer for a motor carrier. The Court agrees. Other federal judges in Oklahoma have concluded that the Oklahoma statutes, *Okla. Stat.* tit. 47, §§ 169 and 230.30, do not permit direct actions against

---

[1] The current version of Rule 56 sets forth the general standard for summary judgment in subsection (a), instead of subsection (c). *See* Fed. R. Civ. P. 56(a), (c).

interstate motor carrier liability insurers that (1) have not obtained licenses from the Oklahoma Corporation Commission and (2) are properly registered in another state under the Unified Carrier Registration System (formerly called the Single State Registration System). *See, e.g., Hobbs v. Rui Zhao*, No. 13-CV-673-CVE-FHM, 2014 WL 3898408, **2-4 (N.D. Okla. Aug. 11, 2014) (unpublished); *Beebe v. Flores*, No. CIV-11-1381-HE, 2012 WL 137780 (W.D. Okla. Jan. 18, 2012) (unpublished); *Hubbard v. Liberty Mut. Fire Ins. Co.*, No. CIV-06-356-S, 2007 WL 1299270 (E.D. Okla. May 1, 2007) (unpublished).

Accordingly, the Court finds and concludes that there is no genuine dispute of material fact regarding plaintiff's claims against Great West, and Great West is entitled to judgment as a matter of law. Great West's Motion for Summary Judgment (Doc. 38) is **granted**, and Great West is terminated as a party defendant.

SO ORDERED this 15th day of January, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE